UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

SEAN A. CLARK/Male,

PLAINTIFF

v.

NYCHA,

DEFENDANT



Received
AUG 0 8 2024
New York City Housing Authority
Law Department

Date: August 6, 2024

To: Judge Robyn F. Tarnofsky

500 Pearl Street Room 703

New York, New York 10007

### Letter-Motion to stay discovery, sanction, and further support for summary judgement FRCP 56.1; dkt#.24-cv-2741

      This is in response to the defendant letter-motion dated today. The defendant stated, "under Federal Rule of Civil Procedure 26 (c) a district court may stay discovery for good cause". Courts typically consider several factors in determining a request for a stay including: (1) whether a defendant has made a strong showing that the plaintiff claim is unmeritorious, (2) the breadth of discovery and the burden to responding to it, and (3) the risk of unfair prejudice to the party opposing the stay."

1

The defendant did not show a supportive cause for an unmeritorious claim. In each of the housing applications I submitted to NYCHA I was placed in the wrong category starting with case#1934239, then case#11384854, then case#12339393, then case#12626535, and finally case#12621802. As I stated in my reply memorandum of law in further support of motion for summary judgement I submitted on 6/11/2024, I was placed in category W2 or W3 instead of preference I for single member households. I'm a single person with an entitled physical disability not a working family person therefore I was placed in the wrong category. Previous case#1934239 is in stay discovery because I just recently discovered exhibit 28 that was attached to the complaint I submitted on 4/11/2024 and was certified on 4/29/2008. Under the fourteenth and fifth amendment due process clause the defendant has to send a notice by mail stating that the case was indeed certified on 4/29/2008. I never received a notice that case# 1934239 was certified. Under Civil Practice Law & Rules §213, "the point at which the clock starts ticking is typically the date of the incident or discovery of a wrong". I just discovered this document in checking the status of an existing application. Before, when I checked the status of my existing application case number#1934239 was not shown. Therefore, the discovery was this year on 1/6/2024. Also, I never received an acknowledgement letter for my current case#12621802 in 2020 stating that the case was open.

The defendant is stating unmeritorious claim on previous litigation attempts. The previous two judges stated an amend for NYCHA but I rather pay the required fee instead of processing the litigation through IFP status. I never had a formal litigation procedure with NYCHA. Therefore, the defendant cannot base an unmeritorious claim if the litigation was not litigated thoroughly.

The defendant did not comply with FRCP 26(F) (A)(B) meeting and proposed case management plan. The report was supposed to be submitted by **July 23, 2024**. If the defendant needed additional time to complete the report the defendant could have asked for more additional time. Therefore, I'm imposing a sanction under **FRCP 37 (A)(iv)** for noncompliance. I was placed in the wrong category for my current housing case#12621802 and previous housing case#12339393, case#11384854, and case#1934239. I did not receive an acknowledgement letter for my current case#12621802 in 2020 nor did I receive a notice stating that case#1934239 was certified on 4/29/2008. The defendant never answered any of the questions in the complaint that was submitted on 4/11/2024 and reply memorandum of law in further support of motion for summary judgement that was submitted on 6/11/2024. This claim has merit, and my claim is 42 U.S. Code § 1983; 28 U.S.C § 1961; 15 U.S. Code § 1125(a)(1)(A). The civil nature of this lawsuit is code 443 & 446. I'm also requesting stay discovery for current case# 12621802, case#12626535

2

and previous case#1934239, case#11384854, and case##12339393 under **FRCP 34 b (1)(A)**. I'm still requesting the amount stated in the complaint which is $600 sextillion.

Submitted by,

*[signature]*

Sean A.Clark/Male

Plaintiff

93 4th Avenue 1172

New York, New York 10003

Phone#917-242-2573

Email-seantellc_22@yahoo.com

---

Parties seeking a stay of discovery under Federal Rule of Civil Procedure 26(c) bear the burden of demonstrating good cause. See *Negrete v. Citibank, N.A.*, No. 15-CV-7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015). In deciding whether there is good cause, courts typically consider several factors including: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* As to the first factor, a stay of discovery warranted when "the viability of the Plaintiffs' claims is in at least some doubt pending the resolution of the motions to dismiss." *Spinelli v. Nat'l Football League*, No. 13-CV-7398 (RWS), 2015 WL 7302266, at * 2 (S.D.N.Y. Nov. 17, 2015). Having reviewed the briefing on the pending motion to dismiss, I conclude that the viability of Plaintiff's claims is in doubt. The scope of discovery sought by Plaintiff would likely be broad, given the long time period his claims cover, and therefore responding to such discovery would be quite burdensome for Defendant. And Plaintiff has not articulated any prejudice he would face as a result of a stay of discovery. Defendant's motion to stay discovery pending a decision on its motion to dismiss is GRANTED. In light of Defendant's motion to stay discovery, Plaintiff's request for sanctions based on Defendant's failure to meet with him in connection with preparing a proposed initial case management plan is DENIED.

Date: 8/12/2024  
New York, NY

SO ORDERED

*[signature]*

ROBYN F. TARNOFSKY  
UNITED STATES MAGISTRATE JUDGE

3