UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN A. CLARK, | |
|                         Plaintiff, | |
|             v. | 24-CV-2741 (DEH) |
| NYCHA, | ORDER OF DISMISSAL |
|                         Defendant. | |

DALE E. HO, United States District Judge:

      Plaintiff Sean A. Clark ("Plaintiff"), proceeding pro se, brought this action against the New York City Housing Authority ("NYCHA") alleging race and disability discrimination in violation of the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act, as well as municipal liability under 42 U.S.C. Section 1983. Before the Court is NYCHA's Motion to Dismiss.[1] For the reasons explained below, the Motion to Dismiss is **GRANTED**. Plaintiff's Motion for Summary Judgment,[2] which the Court construes as an Opposition to the Motion to Dismiss, is **DENIED**.[3]

      In 2022 and 2023, Plaintiff brought nearly identical claims against NYCHA in two prior cases in this District, and in each case his claims were dismissed. The 2022 case was assigned to Judge Koeltl, who issued a lengthy opinion explaining why Plaintiff had failed to state a claim against NYCHA.[4] Judge Koeltl granted Plaintiff 30 days' leave to file an amended complaint,

---

[1] ECF No. 8.

[2] ECF No. 12.

[3] Plaintiff's request for sanctions, ECF No. 20, is dismissed as moot because Magistrate Judge Tarnofsky denied the request on August 12, 2024, *see* ECF No. 19.

[4] *Clark v. DMV*, No. 22 Civ. 3086 ("*Clark I*"), ECF No. 15.

but Plaintiff did not file an amended complaint.[5]  Judge Koeltl dismissed the action on June 17, 2022.[6]  Plaintiff then appealed to the Second Circuit, which dismissed his appeal as frivolous and imposed a leave-to-file sanction.[7]  In November 2023, Plaintiff filed another complaint against NYCHA in this District.[8]  The 2023 case was assigned to Judge Torres, who dismissed Plaintiff's claims because they were substantially similar to the claims against NYCHA that had been dismissed by Judge Koeltl in 2022.[9]  Like Judge Koeltl before her, Judge Torres gave Plaintiff 30 days' leave to file an amended complaint.[10]  Plaintiff did not file an amended complaint, so Judge Torres dismissed the action on January 4, 2024.[11]

The Complaint in this case is nearly identical in all relevant respects to the complaint in the 2023 case.  Accordingly, for the reasons stated by Judge Torres and Judge Koeltl, the claims against NYCHA are hereby **DISMISSED**.  Dismissal is with prejudice and without leave to amend, because Plaintiff was already given two prior opportunities to amend his claims, in 2022 and 2023, and did not do so[12]—choosing instead to re-file in the same District.  Additionally, the statute of limitations on Plaintiff's claims has now expired.  Plaintiff's claims are based on NYCHA's alleged actions in 2006, 2015, 2018, and 2020.[13]  The statute of limitations for claims under the ADA and the Rehabilitation Act is three years.[14]  The statute of limitations for claims

---

[5] *Clark I*, ECF No. 17.

[6] *Id.*

[7] *Clark v. DMV*, No. 22-1509 (Doc. Nos. 148 & 150).

[8] *Clark v. DMV*, No. 23 Civ. 9798 ("*Clark II*"), ECF No. 1.

[9] *See Clark v. DMV*, No. 22-1509, ECF No. 1.

[10] *Clark II*, ECF No. 5.

[11] *Clark II*, ECF No. 11.

[12] *See Clark I*, ECF No. 17; *Clark II*, ECF No. 11.

[13] Complaint ¶¶ 28-30, ECF No. 1.

[14] *Logan v. Matveevskii*, 57 F. Supp. 3d 234, 267 (S.D.N.Y. 2014).

under the FHA is two years.[15]  And the statute of limitations for claims brought under Section 1983 is three years.[16]  Because more than three years passed between Plaintiff's most recent allegations (2020) and the filing of this Complaint (2024), all of Plaintiff's claims are time-barred.  Amendment would therefore be futile.[17]

The Clerk of Court is respectfully directed to terminate ECF Nos. 8 and 20 and to close this case.

SO ORDERED.

Dated: February 10, 2025
       New York, New York

DALE E. HO
United States District Judge

---

[15] *See* 42 U.S.C. § 3613(a)(1)(A); *Logan*, 57 F. Supp. 3d at 267.

[16] *Kaiser v. Cahn*, 510 F.2d 282, 284 (2d Cir. 1974).

[17] *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("[L]eave to amend a complaint may be denied when amendment would be futile.").